WILLIAM R. TAMAYO - #084965
JONATHAN T. PECK - #12303 (VA)
MARCIA L. MITCHELL - #18122 (WA)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
901 Market Street, Suite 500
San Francisco, California  94103
Telephone:  (415) 356-5122

Attorneys for Plaintiff

**FILED**

NOV 1 5 1999

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

LODGED

NOV - 9 1999

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIF.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CIVIL ACTION NO. CV-S-98-14130-EIG/GGH |
| Plaintiff, | |
| v. | CONSENT DECREE AS MODIFIED |
| MORGAN'S HOLIDAY MARKETS, INC. d/b/a/ HOLIDAY QUALITY FOODS | |
| Defendant. | |

## I. INTRODUCTION

On July 23, 1998, Plaintiff, Equal Employment Opportunity Commission ("EEOC"), filed this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991.  Plaintiff alleged that Defendant subjected Sherry Moore to a sexually hostile work environment, resulting in her constructive discharge.

On October 2, 1998, Defendant's successor corporation, Holiday Quality Foods, Inc., answered the complaint and denied liability on all claims asserted by the EEOC.

The EEOC and Defendant's successor corporation, Holiday Quality Foods, Inc., want to conclude fully and finally all claims arising out of the above action without the expenditure of further resources and expenses in contested litigation.  They enter into this Consent Decree to further the objectives of equal employment opportunity as set forth in Title VII.

CONSENT DECREE
CIVIL ACTION CV-S-98-14130-EIG/GGH

14

## II. NON-ADMISSION OF LIABILITY

This consent decree is not an adjudication or finding on the merits of this case and shall not be construed as an admission of a violation of Title VII by Defendant or its successor corporation.

The Court has reviewed the terms of this Consent Decree in light of the pleadings, the record herein, and the applicable law, and now approves the Consent Decree in its entirety.

Therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

## III. GENERAL PROVISIONS

1. This Court has jurisdiction over the subject matter and the parties to this action.

2. This Consent Decree constitutes a full resolution of Plaintiff's complaint in Civil Action No. CV-S-98-14130-EIG/GGH and the underlying charge of discrimination filed with the EEOC.

3. Named Defendant, Morgan's Holiday Markets, Inc., has been purchased by a successor corporation, Holiday Quality Foods, Inc.  Holiday Quality Foods, Inc. expressly agrees that it is appropriately bound by the terms of this Consent Decree as Defendant's successor in interest.

4. This Consent Decree shall become effective upon its entry by the Court.

5. Each party, including Defendant's successor, Holiday Quality Foods, Inc., shall bear its own costs and attorney fees.

## IV. INJUNCTIVE RELIEF

1. *Sexual Harassment*:  Defendant, its successor Holiday Quality Foods, Inc., their officers, agents, management (including supervisory employees), successors and assigns, and all those in active concert or participation with them will comply with all requirements of Title VII with respect to providing a work environment free from discrimination on the basis of sex and free from any action, policy or practice that is intended to or known to them to have the effect of harassing or intimidating any female employee on the basis of her gender or creating, facilitating or permitting the existence of a work environment that is hostile to female employees.

2. *Retaliation*:  Consistent with Section 704(a) of Title VII, 42 U.S.C. §2000e-3(a), Defendant, its successor, Holiday Quality Foods, Inc., their officers, agents, management (including supervisory employees), successors or assigns, and all those in active concert or

1  participation with them,  agree not to engage in, implement or permit any action, policy or

2  practice with the purpose of retaliating against any current or former employee of Defendant or its

3  successor corporation because he or she opposed any practice of sex discrimination, sexual

4  harassment or sex-based harassment made unlawful under Title VII, filed a charge of

5  discrimination alleging any such practice; testified or participated in any manner in any

6  investigation (including, without limitation, any internal investigation undertaken by Defendant),

7  proceeding or hearing in connection with this case and/or relating to any claim of sex

8  discrimination, sexual harassment or sex-based harassment, or; was identified as a possible

9  witness in this action.

## V.  MONETARY RELIEF

10  1. Holiday Quality Foods, Inc. will pay to Sherry Moore the gross sum total of

12  TWENTY-TWO THOUSAND FIVE HUNDRED DOLLARS ($22,500) in full settlement of the

13  discrimination claims made in this lawsuit.  Moore and Holiday Quality Foods, Inc. have entered

14  into a separate settlement agreement memorializing Moore's release of all employment-related

15  claims against Holiday Quality Foods, Inc.

16  2. The TWENTY-TWO THOUSAND FIVE HUNDRED DOLLARS ($22,500) amount

17  is being paid in complete compromise of all disputed issues arising out of the Complaint filed in

18  this lawsuit, Civil Action No. CV-S-98-14130-EIG/GGH, U.S. District Court for the Eastern

19  District of California.

20  3. The monetary relief shall be paid as follows:

21  a. Within ten days of the entry of this Consent Decree, Holiday Quality Foods,

22  Inc. will issue a check to Sherry Moore in the amount of FIFTEEN THOUSAND DOLLARS

23  ($15,000). Holiday Quality Foods, Inc. shall make payment in the form of a business check,

24  cashier's check, or certified check made payable to Sherry Moore.

25  b. Holiday Quality Foods, Inc. will pay the remaining SEVEN THOUSAND FIVE

26  HUNDRED DOLLARS ($7,500) in three monthly installments of TWO THOUSAND

27  DOLLARS and one final installment of ONE THOUSAND FIVE HUNDRED DOLLARS

28  ($1500).

CONSENT DECREE
CIVIL ACTION CV-S-98-14130-EIG/GGH                    3

c. Holiday Quality Foods, Inc. will begin paying the monthly installments described in paragraph b, above, no later than ninety (90) days after making its initial installment of FIFTEEN THOUSAND DOLLARS ($15,000).

d. Holiday Quality Foods, Inc. will pay each installment by check issued in the name of Sherry Moore. Holiday Quality Foods, Inc. will mail each original installment check to Sherry Moore and will send a copy of the check to Marcia Mitchell, Senior Trial Attorney, EEOC, 901 Market, Suite 500, San Francisco, CA 94103.

## VI. NON-MONETARY RELIEF

1. Holiday Quality Foods, Inc. affirms the following "Statement of Zero-Tolerance Policy and Equality Objectives":

> Holiday Quality Foods, Inc. is firmly committed to maintaining a zero-tolerance policy concerning sexual harassment, sex-based harassment and retaliation against individuals who report harassment in the company's workplace; to swiftly and firmly responding to any acts of sexual or sex-based harassment and retaliation of which the company becomes aware; to implementing a disciplinary system that is designed to strongly deter future acts of sexual or sex-based harassment or retaliation; and to actively monitoring its workplace in order to ensure tolerance, respect and dignity for all people.

This paragraph does not create any contractual causes of action or other rights that would not otherwise exist.

2. In order to effectuate the objectives embodied in the Statement of Zero-Tolerance Policy and Equality Objectives and this Consent Decree, Holiday Quality Foods, Inc. shall make whatever modifications are necessary to its existing policies, procedures and practices in order to ensure that the following policies, procedures and practices are in effect:

(a) **_Sexual Harassment Policy_**. Holiday Quality Foods, Inc. agrees that it shall revise its Policy Statement on Equal Employment Opportunity, as necessary, in order to:

(i) include definitions of sexual harassment and sex-based harassment and to provide examples to supplement the definitions of sexual harassment and sex-based harassment;

(ii) include strong non-retaliation language with examples to supplement the definition of retaliation, and provide for substantial and progressive discipline for incidents of

retaliation, (iii) provide that complaints of sexual harassment, sex-based harassment and/or retaliation will be accepted by Holiday Quality Foods, Inc. both in writing and orally, (iv) provide a timetable for reporting harassment, for commencing an investigation after a complaint is made or received and for remedial action to be taken upon conclusion of an investigation; and (v) indicate that, promptly upon the conclusion of its investigation of a complaint, Holiday Quality Foods, Inc. will communicate to the complaining party the results of the investigation and the remedial actions taken or proposed, if any.

(b) *Complaint Procedures*: Holiday Quality Foods, Inc. shall revise its complaint procedure, as necessary, in order to ensure that it is designed to encourage employees to come forward with complaints about violations of its Sexual Harassment policy. As part of the policy, Holiday Quality Foods, Inc. shall provide its employees with convenient, confidential and reliable mechanisms for reporting incidents of sexual harassment, sex-based harassment and retaliation. Holiday Quality Foods, Inc. shall designate at least two employees as contact persons with responsibility for turning complaints over to those employees or third parties designated as complaint investigators. The names of the contact persons, their work locations and telephone numbers shall be listed on the sexual harassment policy, and also shall be routinely and continuously posted in a prominent place at all Holiday Quality Foods, Inc. business locations.

(c) *Supervisor Accountability*.

(i) Holiday Quality Foods, Inc. agrees that it shall impose substantial discipline – up to and including termination, suspension without pay or demotion – upon any supervisor or manager who engages in sexual harassment or sex-based harassment or permits any such conduct to occur in his or her work area or among employees under his or her supervision, or who retaliates against any person who complains or participates in any investigation or proceeding concerning any such sexual harassment or sex-based harassment. Holiday Quality Foods, Inc. shall communicate this policy to all supervisors and managers.

(ii) Holiday Quality Foods, Inc. agrees that it shall continue to advise all managers

and supervisors of their duty to actively monitor their work areas to ensure employee compliance with the company's sexual harassment policy, and to report any incidents and/or complaints of sexual harassment, sex-based harassment and/or retaliation of which they become aware to the department charged with handling such complaints.

(iii) Holiday Quality Foods, Inc. agrees that it will revise its supervisor appraisal process, as necessary, to ensure that appropriate communication of anti-harassment policies and appropriate handling of harassment complaints are included as an element of the appraisals.

(d) *Sexual Harassment Training.*

(i) Holiday Quality Foods, Inc. will develop and present to all of its employees at least two hours of mandatory sexual harassment training, the cost of which shall be borne by Holiday Quality Foods, Inc.. The training will take place at each of six stores constituting Holiday Quality Foods, Inc. within ninety (90) days after entry of this Consent Decree.

(ii) The training described in the preceding paragraph shall be in-person training, accompanied by materials prepared by experienced sexual harassment educators and/or investigators, and shall educate the employees about the problems of sexual harassment in the workplace. The training will include examples of the types of remarks and behavior that will not be tolerated in Holiday Quality Foods, Inc. stores. The training will further inform each participant that he or she is responsible for knowing and complying with the contents of Holiday Quality Foods, Inc.'s sexual harassment policy.

(iii) Supervisors and/or managers who are responsible for enforcing Holiday Quality Foods, Inc.'s sexual harassment policy shall also receive training on appropriate techniques for investigating sexual harassment and remedying it. The training on investigative techniques can be included as a component of other sexual harassment training.

(iv) Holiday Quality Foods, Inc. shall provide to the EEOC in advance of the training a copy of the course syllabus for the training. Following the training session, all

participants shall be given a questionnaire through which they will be asked to critique the training and to provide suggestions to improve future trainings.

(v) Holiday Quality Foods, Inc. will retain records of the training programs, listing the dates on which it held the training and identifying the persons who attended and those who did not attend. Holiday Quality Foods, Inc. will provide a copy of these records, the training materials and the completed post-training questionnaires to the Commission within thirty (30) days of completion of the trainings.

(vi) Holiday Quality Foods, Inc. shall provide a refresher materials session twelve (12) months after the initial training. Holiday Quality Foods, Inc. shall send to the EEOC the corresponding reports for the refresher training as identified in paragraph (iv) above within thirty (30) days of completing the refresher training.

## VII. REPORTING

1. Six months after entry of the decree and every six months thereafter, Holiday Quality Foods, Inc. will submit reports to the Commission summarizing any complaints of sexual harassment or sex-based harassment received by Holiday Quality Foods, Inc. during the preceding six-month period. The reports will include the identities of the complainant(s) and the alleged harasser(s), a summary of action taken in response to the complaint and the resolution of any such complaint.

2. Holiday Quality Foods, Inc. will conspicuously post notices, a copy of which is attached as Exhibit 1, on each market bulletin board. Such notices shall be posted for ninety (90) days following entry of the Consent Decree. Holiday Quality Foods, Inc. will monitor the notices and replace within ten (10) days any notice which is defaced or removed.

3. Within forty-five (45) days after entry of the Consent Decree, Holiday Quality Foods, Inc. will send the EEOC a copy of the documents reflecting the policies, procedures and practices which it has modified in accordance with Section VI.2(a), (b) and (c), above.

4. Within thirty (30) days after completion of the trainings described in Section VI.2(d), above, Holiday Quality Foods, Inc. will send the Commission appropriate verification of its completion of sexual harassment training for its employees.

5. Holiday Quality Foods, Inc. shall submit a final report to the EEOC thirty (30) days before the Consent Decree expires containing a statement verifying its compliance with the terms of the Consent Decree.

## VIII. RETENTION OF JURISDICTION AND
## EXPIRATION OF CONSENT DECREE

1. This Consent Decree shall terminate within two (2) years from the date of entry by the court, unless the Commission petitions this court for an extension of the Decree because of noncompliance by the Holiday Quality Foods, Inc.. If the Commission determines that Holiday Quality Foods, Inc. has not complied with the Consent Decree, the Commission will provide written notification of the alleged breach to the Holiday Quality Foods, Inc. and will not petition the court for enforcement sooner than thirty (30) days after providing written notification. The thirty-day period following written notice shall be used by the parties for good faith efforts to resolve the issue. If the Commission petitions the court and the court finds Holiday Quality Foods, Inc. to be in substantial violation of the terms of the Decree, the court may extend this Consent Decree.

///
///
///
///
///
///
///
///
///
///
///
///
///

CONSENT DECREE
CIVIL ACTION CV-S-98-14130-EIG/GGH                    8

1    2. This Court shall retain jurisdiction over this action for the purposes of enforcing the

2   provisions of this Consent Decree.

3   On behalf of Plaintiff:                    On behalf of Holiday Quality Foods, Inc.:

4   C. GREGORY STEWART
    General Counsel                            BARBARA COTTER
5   EQUAL EMPLOYMENT                           Murphy, Pearson, Bradley & Feeney
    OPPORTUNITY COMMISSION
6
7   WILLIAM TAMAYO
    Regional Attorney
8   EQUAL EMPLOYMENT
    OPPORTUNITY COMMISSION
9
10  JONATHAN T. PECK
    Supervisory Trial Attorney
11  EQUAL EMPLOYMENT
    OPPORTUNITY COMMISSION
12
13  MARCIA L. MITCHELL
    Senior Trial Attorney
14  EQUAL EMPLOYMENT
    OPPORTUNITY COMMISSION
15

16  The Clerk of Court is directed
17  to close this file.

    IT IS SO ORDERED:
18
19  DATED:     11/12/99
                                               Honorable Edward J. Garcia
20                                             UNITED STATES DISTRICT COURT JUDGE

21

22

23

24

25

26

27

28

CONSENT DECREE
CIVIL ACTION CV-S-98-14130-EIG/GGH                    9

2. This Court shall retain jurisdiction over this action for the purposes of enforcing the

provisions of this Consent Decree.

On behalf of Plaintiff:                                      On behalf of Holiday Quality Foods, Inc.:

C. GREGORY STEWART                          _____
General Counsel                                         BARBARA COTTER
EQUAL EMPLOYMENT                              Murphy, Pearson, Bradley & Feeney
OPPORTUNITY COMMISSION


_____
WILLIAM TAMAYO
Regional Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION


_____
JONATHAN T. PECK
Supervisory Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION


_____
MARCIA L. MITCHELL
Senior Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION


IT IS SO ORDERED:

DATED: _____          _____
                                                        Honorable Edward J. Garcia
                                                        UNITED STATES DISTRICT COURT JUDGE

CONSENT DECREE
CIVIL ACTION CV-S-98-14130-EIG/GGH                              9

# CERTIFICATE OF SERVICE

I am a citizen of the United States, employed in the County of San Francisco, over the age of 18 years, and not a party to this action.  My business address is the office of the Equal Employment Opportunity Commission, San Francisco District Office, 901 Market Street, Suite 500, San Francisco, California  94103.

On the date below, I placed a copy of

- ## CONSENT DECREE

in a franked envelope which I deposited in the United States mail addressed to:

**Barbara Cotter, Esq.**
**MURPHY, PEARSON, BRADLEY & FEENEY**
**701 University Avenue, Suite 150**
**PO Box 659000**
**Sacramento, CA   95865-9000**

I certify under penalty of perjury that the above is true and correct.

DATED:        November 8, 1999

Dalisay V. Hermoso
Legal Technician

**CERTIFICATE OF SERVICE**

United States District Court
for the
Eastern District of California
November 15, 1999


\* \* CERTIFICATE OF SERVICE \* \*


2:98-cv-01413


Equal Employment

    v.

Morgan's Holiday

_____

I, the undersigned, hereby certify that I am an employee in the Office of
the Clerk, U.S. District Court, Eastern District of California.

That on  November 15, 1999, I SERVED a true and correct copy(ies) of
the attached, by placing said copy(ies) in a postage paid envelope
addressed to the person(s) hereinafter listed, by depositing said
envelope in the U.S. Mail, by placing said copy(ies) into an inter-office
delivery receptacle located in the Clerk's office, or, pursuant to prior
authorization by counsel, via facsimile.


    William Robert Tamayo                LCS/EJG
    U S Equal Employment Opportunity Commisssion
    901 Market Street
    Suite 500
    San Francisco, CA  94103

    Barbara A Cotter
    Murphy Pearson Bradley and Feeney
    PO Box 659000
    701 University Avenue
    Suite 150
    Sacramento, CA  95865-9000


                        Jack L. Wagner, Clerk

                        BY: _____
                        Deputy Clerk